IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER JUNEAU and
TARA JUNEAU                                                                                               PLAINTIFFS

v.                                           Case No. 4:14-cv-04165

LEO JONES and
STATE FARM AUTOMOBILE INSURANCE
COMPANY                                                                                                  DEFENDANTS

**<u>ORDER</u>**

Before the Court is Plaintiffs' Motion to Transfer Case. (ECF No. 36). The only remaining Defendant, State Farm Mutual Automobile Insurance Company, has filed a response. (ECF No. 37). Plaintiffs have filed a reply to the response. (ECF No. 39). The Court finds that this matter is ripe for consideration.

The case at issue arises out of an automobile collision. On January 4, 2013, Defendant Leo Jones' vehicle collided with a vehicle owned and operated by Plaintiff Christopher Juneau on North State Line Avenue/U.S. Highway 71 North in Texarkana, Arkansas. Defendant Jones is a resident of Arkansas, while the Plaintiffs are residents of Louisiana. Plaintiffs filed the current lawsuit on December 30, 2014, asking for damages arising out of the accident, including medical expenses, lost wages, property damages, earning capacity impairment, as well as pain and suffering. Defendant Leo Jones was dismissed from the lawsuit on June 2, 2015, as he settled with the Plaintiffs. (ECF No. 11). Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), the insurance carrier for Plaintiffs' Uninsured/Underinsured motorist insurance coverage, remains a party. Plaintiff is attempting to recover insurance benefits from State Farm in excess of what was received from Defendant Jones.

Plaintiffs filed the present motion on November 3, 2015 seeking to transfer this case to the

United States District Court for the Western District of Louisiana, Alexandria Division. Plaintiffs seek to transfer this case because Plaintiffs and their treating physicians and nurses are all located in Louisiana. Plaintiffs also argue that transfer is justified because State Farm does business in Louisiana, the insurance policy at issue was executed in the State of Louisiana, and Louisiana law would govern the policy. In their response, State Farm argues that Plaintiffs' motion is untimely, that transfer will be prejudicial to State Farm, that transfer would delay the resolution of this controversy, and that transfer is not authorized under 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In analyzing whether to permit a transfer, "district courts should weigh any 'case specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988)). A court should consider three general categories of factors when determining whether transfer is warranted: 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) whether the transfer would be in the interest of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

Because Plaintiffs are attempting to transfer the case to Louisiana, the Court must initially determine whether the suit could have been brought there before considering any other factors. *See CSI Tech., Inc. v. Commtest Instruments, Ltd.*, 2008 WL 4057546, at *2 (D. Minn. Aug. 26, 2008). Under 28 U.S.C. § 1391, a civil action may be brought in a) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or b) a judicial district in which a substantial part of the events giving rise to the claim occurred.

In this case, the accident occurred in Texarkana, Arkansas and former Defendant Leo Jones is a resident of the state of Arkansas. There appears to be no dispute that, due to a lack of minimum contacts, a court in Louisiana would not have had personal jurisdiction over Leo Jones at the time that the original case was filed. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Accordingly, this suit in its original form could not have been brought in Louisiana.

Plaintiffs argue that, because Leo Jones has now been dismissed from the lawsuit and State Farm has the requisite minimum contacts with Louisiana, transfer is feasible under § 1404(a). The Court disagrees. A case cannot be transferred if the case could not have *originally* been brought in the district where the moving parties now wish to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 342 (1960); *Am. Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 261 (W.D. Mo. 1980); *Biometrics, LLC v. New Womyn, Inc.*, 112 F.Supp.2d 869, 875 (E.D. Mo. 2000). As discussed above, this case could not have originally been brought in the Western District of Louisiana because that court would not have had personal jurisdiction over former Defendant Leo Jones at the time of filing.

Because Plaintiffs' motion has failed the first part of the analysis, it is not necessary to consider the case specific factors to determine whether a transfer is warranted. For the aforementioned reasons, the Court finds that Plaintiffs' Motion to Transfer Case should be and hereby is **DENIED**. This case will remain in the Western District of Arkansas.

IT IS SO ORDERED, this 21st day of January, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge