IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER JUNEAU and
TARA JUNEAU                                                                                                    PLAINTIFFS

v.                                         Case No. 4:14-cv-04165

LEO JONES and
STATE FARM AUTOMOBILE
INSURANCE COMPANY                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Summary Judgment on Bad Faith and/or Arbitrary and Capricious Claim Handling. (ECF No. 26). Plaintiffs Christopher Juneau and Tara Juneau filed a Cross Motion for Summary Judgment in response. (ECF No. 28). Defendant State Farm filed a reply to Plaintiffs' response (ECF No. 32) and a response to Plaintiffs' motion (ECF No. 34). The Court finds that this matter is ripe for its consideration.

### BACKGROUND

This case arises out of an automobile collision. On January 4, 2013, Defendant Leo Jones' vehicle collided with a vehicle owned and operated by Plaintiff Christopher Juneau on North State Line Avenue/U.S. Highway 71 North in Texarkana, Arkansas. Defendant Jones is a resident of Arkansas, while Plaintiffs are residents of Louisiana. Plaintiffs filed the current lawsuit on December 30, 2014, asking for damages arising out of the accident, including medical expenses, lost wages, property damages, earning capacity impairment, and pain and suffering. Defendant Leo Jones was dismissed from the lawsuit on June 2, 2015, as he settled with the Plaintiffs. (ECF No. 11). Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), the insurance carrier for Plaintiffs' Uninsured/Underinsured motorist insurance coverage, remains a party. Plaintiff is attempting to

recover insurance benefits from State Farm in excess of what was received from Defendant Jones.

Plaintiffs filed an Amended Complaint (ECF No. 24) on September 3, 2015 adding claims that State Farm handled their claim in bad faith or in an arbitrary and capricious manner. Plaintiffs also allege that Louisiana law applies to their claims and that State Farm is responsible for the full extent of damage due to the underinsured nature of Leo Jones.

State Farm argues in its Motion for Summary Judgment that Plaintiffs have failed to show that State Farm acted in bad faith in denying their claim for underinsured motorist benefits. In the Cross Motion for Summary Judgment, Plaintiffs maintain that they have carried their burden of proof for showing bad faith. Plaintiffs also argue that Louisiana law should be applied in this case.

### STANDARD OF REVIEW

When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of...whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving

party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 47 U.S. at 249. A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials...but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256.

## DISCUSSION

### I. Applicability of Louisiana Law

In their Motion, Plaintiffs move the Court to find that their claims against Defendant State Farm are governed by the laws of the state of Louisiana. Plaintiffs argue that the language of the policy clearly states that Louisiana law will govern disputes between the parties. Defendant State Farm does not object to this assertion and even cites and analyzes Louisiana case law in their reply and response. (ECF Nos. 32 and 34). Accordingly, the Court will apply Louisiana law and finds that Plaintiffs' motion should be granted as to this issue.

### II. Bad Faith and Arbitrary/Capricious Claim Handling

In their motion, Defendant State Farm argues that underinsured motorist policy benefits should only be paid whenever the tortfeasor does not have enough insurance coverage to fully compensate a plaintiff for their injury. State Farm argues that because Plaintiffs received a payment from the tortfeasor, Leo Jones, in the amount of $25,000, they should not have to pay on the policy until Plaintiffs are able to show that they have damages related to this accident in excess of that

amount. State Farm further argues that the only medical bills and records provided to them show that Christopher Juneau incurred $7,519.49 in medical bills. State Farm maintains that they have also not seen any proof that Plaintiffs experienced any loss of income after the accident due to the fact that Plaintiffs' income increased in the year of the accident as shown by their tax returns. (ECF No. 34, Exh. 2). According to State Farm, because they have not received any satisfactory proof of loss, they had a good faith basis for denying Plaintiffs' claim for benefits under the underinsured motorist policy. Accordingly, State Farm believes that the claims against them for bad faith and arbitrary/capricious claim handling have no basis.

Plaintiffs respond by stating that they have provided State Farm with satisfactory proof of loss by providing State Farm with medical records detailing Mr. Juneau's back problems. Plaintiffs also point out that Mr. Juneau testified in his deposition about all of the pain and discomfort that he experiences on a daily basis. Plaintiffs also claim that Mr. Juneau has lost wages because he could not appear at scheduled ministerial appearances due to his difficulty in traveling long distances. Taking all of this together, Plaintiffs argue that there is satisfactory proof of loss that justifies compensation and a finding of bad faith against State Farm.

Louisiana law imposes upon an uninsured insurance claimant an obligation to produce a satisfactory proof of loss. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1022 (La. 2003). Satisfactory proof of loss requires an insured to provide "sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085, 1089 (La. 1985). Whether or not a refusal to pay is arbitrary, capricous, or without probable cause depends on the facts known to the insurer at the time of its action. *See Scott v. Insurance*

*Company of North America*, 485 So.2d 50, 52 (La. 1986). Under Louisiana law, the phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1253 (La. 1993). Courts in Louisiana have noted that a "vexatious refusal to pay" means unjustified, without reasonable or probable cause or excuse. *Id*., *citing Couch on Ins. 2d*, § 58:70. These phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense. *Id.* Bad faith has been described to mean more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent. *Vaughn v. Franklin*, 785 So.2d 79, 86 (La.App. 1st Cir. 2001).

According to the statements of both parties, it is undisputed that Mr. Juneau sustained some injuries as a result of this collision. However, a dispute arises between the parties as to the extent of the injuries that resulted from the collision. Uninsured/underinsured motorist insurance coverage covers an insured whenever the policy limits of the original cause of the accident are not sufficient to fully compensate the injured party or the other party does not have insurance coverage. (ECF No. 28, Exh. 4, Pg. 16). As stated above, Plaintiffs had the burden of demonstrating to State Farm that they were entitled to policy benefits in excess of the $25,000 they received as a result of the settlement with Defendant Leo Jones.

Upon review of the relevant filings, the Court finds that Plaintiffs have not met their burden of proof for a showing of bad faith and arbitrary/capricious conduct. Plaintiffs only provided State Farm with $7,519.49 worth of medical bills, an amount far less than the $25,000 received from the Leo Jones settlement. Furthermore, Mr. Juneau's doctor states that he will likely not require surgery as a result of his injuries. (ECF No. 34, Exh. 3). Mr. Juneau also stated in his deposition that he has been injured doing other things both in his job and every day life, calling into question whether all of his injuries arose out of the collision. Finally, the fact that Plaintiffs' income increased after the

date of the collision also calls into question whether there was any income loss as a result of Mr. Juneau's injuries. (ECF No. 34, Exh. 2). All of these facts taken as a whole provide a good faith basis for State Farm's denial of Plaintiffs' uninsured motorist claim. Because State Farm had a good faith basis for their denial, the Court finds that their actions were not made in bad faith or arbitrarily/capriciously. Although these acts on behalf of State Farm do not rise to the level of bad faith, State Farm may still be required to pay on the policy. The true extent of Plaintiffs' damages is a question of fact better left for the jury.

For the reasons stated above, the Court finds that Defendant State Farm's Motion for Summary Judgment (ECF No. 26) should be and hereby is **GRANTED**. Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 28) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Louisiana law will govern the interpretation of the uninsured motorist coverage in the Plaintiffs' insurance policy with State Farm. Plaintiffs' claims of bad faith and arbitrary/capricious claim handling should be and are hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 25th day of January, 2016

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge